1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

WILLIAM R. REVOAL, II,

Case No. C12-1894-JCC

11

Plaintiff,

12

v.

13

GOVERNOR CHRISTINE
GREGOIRE, et al.,

REPORT AND RECOMMENDATION

14
15

Defendants.

16

17

I.    INTRODUCTION AND SUMMARY CONCLUSION

18          Plaintiff, proceeding *pro se*, has filed an application to proceed *in forma pauperis*

19   ("IFP") in the above-entitled civil action.  Dkt. 1.  Plaintiff has also filed a proposed complaint,

20   Dkt. 1-1, along with a proposed application for court-appointed counsel, Dkt. 1-3.  After

21   careful consideration of plaintiff's filings, the governing law, and the balance of the record, the

22   Court recommends that plaintiff's proposed complaint, Dkt. 1-1, be DISMISSED without

23   prejudice for failure to state a claim upon which relief may be granted.  In addition, the Court

24   recommends that plaintiff's application for court-appointed counsel, Dkt. 1-3, be DENIED,

25   and his IFP application, Dkt. 1, be DENIED as moot.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii),

26   1915A(b)(1).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## II.   DISCUSSION

A.  <u>Plaintiff's Proposed Complaint Fails to State a Claim Upon Which Relief May be Granted</u>

Plaintiff's action appears to stem from his contention that several government agencies and private parties have long been conspiring to violate plaintiff's civil rights by accessing plaintiff's email and bank accounts in order to steal his identity.  Dkt. 1-1 at 4. Plaintiff asserts that he has "had my identity stolen on my consumer report as well as my criminal history nationwide . . . I have been selected as a perfect suspect for the government to abuse; as I am a veteran of the U.S. navy and refused to kill my mom in 1990 for the purposes of being a reserve soldier . . . If you check my history, I have [a] woman claiming child support on children I do not even know about (government fraud)."  *Id*. at 5.

A plaintiff must "plead a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. ("FRCP") 8(a)(2).  The purpose of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (overruling the governing interpretation of "fair notice" under FRCP 8(a) set forth by *Conley v. Gibson*, 355 U.S. 41, 47 (1957), which provided that a complaint could not be dismissed for failure to state a claim unless it appeared the plaintiff could prove no set of facts that would entitle him to relief).  In order to provide a defendant with fair notice under FRCP 8, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and therefore would allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (extending the heightened pleading requirement announced in *Twombly* to all civil complaints). The allegations in a complaint must rise above the level of mere speculation, but need only "raise a reasonable expectation that discovery will reveal evidence of" a basis for liability. *Twombly*, 550 U.S. at 556.

REPORT AND RECOMMENDATION
PAGE - 2

1     Finally, the district court must dismiss a case "at any time" it determines a complaint is

2 frivolous or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2).

3 Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners.  *Lopez v.*

4 *Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

5     Here, plaintiff's proposed complaint, Dkt. 1-1, fails to allege sufficient facts to place

6 any defendant on notice of the nature of plaintiff's claims or otherwise provide any basis for

7 jurisdiction in this Court.  *See* FRCP 8(a).  Though plaintiff asserts in his proposed complaint

8 that he believes various people and entities have wronged him in various ways, plaintiff has

9 failed to provide sufficient facts or details to state a cognizable legal claim against any

10 defendant.  Thus, his conclusory allegations of harm do not give rise to any facially plausible

11 claims for relief.  *See* FRCP 8(a); *Iqbal*, 556 U.S. at 678.

12    B.  <u>Plaintiff has Not Shown that Exceptional Circumstances Warrant the Appointment</u>

13 <u>of Counsel</u>

14     No constitutional right to counsel exists for an indigent plaintiff in a civil case unless

15 the plaintiff may lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of*

16 *Social Services*, 452 U.S. 18, 25 (1981).  However, pursuant to 28 U.S.C. § 1915(e)(1), this

17 Court has the discretion to appoint counsel for indigent litigants proceeding IFP.  *United States*

18 *v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).  The Court may appoint

19 counsel only on a showing of "exceptional circumstances."  *Id.*; *Wilborn v. Escalderon*, 789

20 F.2d 1328, 1331 (9th Cir. 1986).  "A finding of exceptional circumstances requires an

21 evaluation of both the likelihood of success on the merits and the ability of the plaintiff to

22 articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Wilborn*,

23 789 F.2d at 1331.  These factors must be viewed together before reaching a decision on a

24 request for counsel under § 1915(e)(1).  *Id.*

25     Here, the Court finds that plaintiff has failed to demonstrate that exceptional

26 circumstances warrant the appointment of counsel at this time.  Although plaintiff appears to

1  be capable of expressing himself clearly on a *pro se* basis, in light of the nature of plaintiff's

2  claims it does not appear that plaintiff's case is likely to succeed on the merits.  As mentioned

3  above, plaintiff has failed to state a claim upon which relief can be granted.  Accordingly, the

4  Court concludes that appointment of counsel is not appropriate at this time.

5                                        III.    CONCLUSION

6        For all of the foregoing reasons, the Court recommends that plaintiff's proposed

7  complaint, Dkt. 1-1, be DISMISSED without prejudice, and that his proposed application for

8  court-appointed counsel, Dkt. 1-3, be DENIED.  In addition, the Court recommends that

9  plaintiff's IFP application, Dkt. 1, be DENIED as moot.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii),

10  1915A(b)(1).  A proposed order accompanies this Report and Recommendation.

11        DATED this 31st day of October, 2012.

12

13                                        James P. Donohue
                                          _____

14                                        JAMES P. DONOHUE
                                          United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION
PAGE - 4