THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM R REVOAL, II,

                    Plaintiff,

    v.

GOVERNOR CHRISTINE GREGOIRE,
    *et al.*,

                    Defendants.

CASE NO. C12-1894-JCC

ORDER

This matter comes before the Court on the Report and Recommendation of the Honorable James P. Donohue, United States Magistrate Judge. (Dkt. No. 2.) That order recommends that Plaintiff's proposed complaint be dismissed without prejudice and that Plaintiff's applications to proceed *in forma pauperis* and for the appointment of counsel be denied as moot. In response to the Report and Recommendation, Plaintiff has not filed any objections, but has filed multiple "amendments" to his complaint, by which he alleges additional claims based on different factual occurrences. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby ADOPTS the Report and Recommendation. (Dkt. No. 2.)

A district court must conduct a *de novo* review of those portions of a magistrate judge's report to which a party properly objects. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). A party properly objects when he or she files "specific written objections" to the magistrate judge's

1    report as required under Federal Rule of Civil Procedure 72(b)(2). In contrast, general objections,

2    or summaries of arguments previously presented, have the same effect as no objection at all,

3    since the Court's attention is not focused on any specific issues for review. *Howard v. Sec'y of*

4    *Health and Human Svcs.*, 932 F.2d 505, 509 (6th Cir. 1991). Because this Court's consideration

5    of such "objections" would entail *de novo* review of the entire report, rendering the referral to the

6    magistrate judge useless, *de novo* review is not required when a party fails to direct the court to a

7    specific error in the report and recommendation. *See Strawbridge v. Sugar Mountain Resort,*

8    *Inc.*, 243 F. Supp. 2d 472, 475 (W.D.N.C. 2003).

9         Here, Plaintiff has not objected to Judge Donohue's Report and Recommendation in

10   either a general or specific manner. The only filings subsequent to that order are Plaintiff's

11   "Notice of Amended Evidence and Power of Attorney" (Dkt. No. 3), "Notice of Amended

12   Evidence" (Dkt. No. 4), "Proposed Amendment to Claim" (Dkt. No. 5), and "Notice of

13   Amendment to Claim." (Dkt. No. 7.) The first of those filings is a purported "Power of

14   Attorney," by which Plaintiff appoints "Marshall Mathers, A/K/A, Slim Shady"—more

15   commonly known as the hip-hop artist Eminem—as the sole "Power of Attorney possessing the

16   ability to enforce, instruct, lead as an Agent/Manager, or represent the above principle with

17   integrity and honor." (Dkt. No. 3, at 3.) Shortly thereafter, Mr. Revoal filed a second purported

18   Power of Attorney, by which he appointed President Barack Obama to oversee his living trust,

19   living will, and death will. (Dkt. No. 4.) Having reviewed Mr. Revoal's complaint and Judge

20   Donohue's Report and Recommendation, this Court can find nothing in Plaintiff's subsequent

21   filings that would constitute a valid objection to Judge Donohue's order.

22        Plaintiff's two additional filings purport to add claims to his complaint. In the first,

23   Plaintiff vaguely asserts that he was once followed by an individual, and that later he was denied

24   medical care on November 1, 2012, both of which, Plaintiff asserts, constitute a violation of his

25   constitutional rights. (Dkt. No. 5.) In Plaintiff's final filing, he argues that he was harassed and

26   ultimately dismissed from the Seattle Public Library by a security guard. (Dkt. No. 7.) Having

considered Plaintiff's filings, nothing in those documents warrants rejection of Judge Donohue's Report and Recommendation. Further, Plaintiff's additional purported claims are not proper at this stage; if Plaintiff wishes bring new claims based upon these allegations—which are completely different than those contained in his original complaint—he must file a new proposed complaint.

Based on the foregoing, the Court hereby ORDERS as follows:

(1) The Report and Recommendation (Dkt. No. 2) is ADOPTED;

(2) Plaintiff's proposed complaint (Dkt. No. 1-1) is DISMISSED without prejudice for failure to state a claim upon which relief may be granted;

(3) Plaintiff's proposed application for court-appointed counsel (Dkt. No. 1-3) is DENIED as moot;

(4) Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 1.) is DENIED as moot; and

(5) The Clerk is respectfully DIRECTED to send copies of this Order to Plaintiff and to the Honorable James P. Donohue.

DATED this 7th day of December 2012.

John C. Coughenour
UNITED STATES DISTRICT JUDGE